

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2008

# Government of the Vi v. Leon Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3910

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Government of the Vi v. Leon Thomas" (2008). *2008 Decisions*. Paper 963.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/963

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3910
_____

GOVERNMENT OF THE VIRGIN ISLANDS

v.

LEON A. THOMAS,

Appellant
_____

On Appeal from the District Court
of the Virgin Islands
(No. 03-cr-00151)
Panel:  Hon. Curtis V. Gomez, Hon. Raymond L. Finch,
and Hon. Patricia D. Steele
_____

Submitted Under Third Circuit LAR 34.1(a)
on May 8, 2008

Before:  RENDELL, FUENTES, and CHAGARES, Circuit Judges.
_____

(Filed:   June 27, 2008)
_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Counsel for Leon A. Thomas petitions this Court for permission to withdraw from representation under Anders v. California, 386 U.S. 738 (1967). For the reasons that follow, we will grant the motion and affirm Thomas' sentence.

I.

As we write mainly for the parties, we only briefly recite the facts. Thomas was charged with unauthorized possession of a firearm and ammunition in violation of 14 V.I. Code Ann. §§ 2253(a) and 2256(a). Subsequently, a jury convicted him on both counts. The Territorial Court of the Virgin Islands[1] sentenced Thomas to fifteen years imprisonment on the firearm charge and seven years imprisonment on the ammunition charge—to be served concurrently. He was also ordered to pay $35,000 in fines and $75 in court costs. Thomas appealed his conviction and sentence to the Appellate Division of

_____

[1] At all times relevant to this appeal, the trial court was known as the Territorial Court of the Virgin Islands. Decisions of the Territorial Court were, as illustrated here, reviewed by a panel of the Appellate Division of the District Court of the Virgin Islands. Each panel consisted of two United States District Judges and one Superior Court judge. See VISuperiorCourt.org, Historical Overview of the Superior Court of the Virgin Islands, http://www.visuperiorcourt.org/about/history.aspx (last visited May 15, 2008). On October 29, 2004, however, the Virgin Islands Legislature changed the Territorial Court's name to the "Superior Court" and established a "Supreme Court of the Virgin Islands" as the local appellate court with authority to review decisions of the Superior Court. See 2004 V.I. Sess. Law 190. Nevertheless, those decisions by the Appellate Division that are still pending are appealable to the Third Circuit. See Edwards v. HOVENSA, LLC, 497 F.3d 355, 359 n.2 (3d Cir. 2007).

2

the District Court of the Virgin Islands, which affirmed. Thomas then appealed to this Court.

## II.

Thomas' counsel petitions the Court to withdraw as attorney of record. Having already pursued one appeal before the Appellate Division of the District Court, he is unable to identify any non-frivolous issues for this appeal after a conscientious review of the record. Thomas was given notice of his counsel's intent to withdraw on March 4, 2008, and was informed that he may file a brief on his own behalf within thirty days. He has not done so.

Evaluation of an Anders brief requires a twofold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous; and (2) whether an independent review of the record presents any nonfrivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Where the Anders brief appears adequate on its face, and the appellant has not submitted a *pro se* brief, our review is limited to the portions of the record identified in the Anders brief. See id. at 301. We conclude that the brief in this case is adequate, and thus, it will guide our independent review of the record.

Thomas' counsel combed through the record and identified various issues which could possibly be raised before us, before concluding that they were all patently without merit. Likewise, our independent review of "those portions of the record identified by

3

[the] <u>Anders</u> brief" reveals no non-frivolous issues Thomas might profitably raise on appeal. <u>See</u> <u>id.</u> Accordingly, we will grant counsel's motion and affirm Thomas' conviction and sentence.